J-A24040-25

2025 PA Super 270

| | | |
|---|---|---|
| IN RE: PRIVATE CRIMINAL COMPLAINT FILED BY ANIMAL OUTLOOK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: ANIMAL OUTLOOK | : | No. 124 MDA 2025 |

Appeal from the Order Entered January 10, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-MD-0000389-2020

BEFORE: DUBOW, J., KUNSELMAN, J., and BECK, J.

OPINION BY KUNSELMAN, J.: **FILED: DECEMBER 5, 2025**

Animal Outlook appeals from the order denying its petition for review of the district attorney's decision not to prosecute a dairy farm. We hold that the appellate standard of review for such order is a *de novo* review of the legal sufficiency of the private complainant's evidence of alleged bad faith, fraud, or unconstitutionality by the district attorney. Because Animal Outlook offered legally insufficient evidence of bad faith, we affirm.

On July 27, 2020, Animal Outlook filed a private, criminal complaint. It alleged 327 counts of animal cruelty against a dairy farm in Franklin County. The district attorney declined to prosecute the dairy farm based on Animal Outlook's allegations. Rather than simply prosecuting this case itself,[1] Animal

---

[1] **See** Dougherty, J. concurring in **In re Ajaj**, 288 A.3d 94, 111 (Pa. 2023). The legislature has expressly permitted that, in counties of the second through eighth class:

> If a district attorney neglects or refuses to prosecute in due form of law a criminal charge regularly returned to the district attorney or to the court or if at any stage of the proceedings the district attorney and the private counsel

*(Footnote Continued Next Page)*

Outlook petitioned the trial court to review the district attorney's decision not to prosecute the farm. The court denied the petition, and an initial round of appeals ensued.

This Court reversed based upon our former, variable standards of review for petitions for review of the district attorneys' decision, which "depend[ed] on the reasons proffered [By the District Attorney] for rejections" of the private, criminal complaints. *In re Animal Outlook*, 271 A.3d 516, 521 (Pa. Super. 2022), *vacated*, 298 A.3d 37 (Pa. 2023). The Supreme Court of Pennsylvania vacated our Opinion and remanded this matter to the trial court for application of the high court's new standard of review as articulated in *In re Ajaj*, 288 A.3d 94 (Pa. 2023) (holding that trial courts shall not review a district attorneys' legal reasoning for rejecting a private, criminal complaint; rather, their role is confined to determining if the district attorney acted in bad faith, committed fraud, or violated the constitution).

_____

> employed by the prosecutor differ as to the manner of conducting the trial, the prosecutor [*i.e.*, the complainant] may present a petition to the court, specifying the character of the complaint, and verify the petition by affidavit. If the court is of the opinion that it is a proper case for a criminal proceeding or prosecution, the court may direct a private counsel employed by the prosecutor [*i.e.*, the complainant] to conduct the entire proceeding and, if an indictment is necessary, to verify the indictment by the private counsel's own signature as fully as the indictment could be done by the district attorney.

16 Pa.C.S.A § 14309. **See also** 16 P.S. § 7710 (providing the same right of private prosecution to complainants in Philadelphia County).

After remand and briefing by the parties, on January 10, 2025, the trial court again denied Animal Outlook's petition for review. This appeal followed.

The trial court ordered Animal Outlook to comply with Pennsylvania Rule of Appellate Procedure 1925(b). **See** 1/27/25 T.C.O. at 1. The Order warned Animal Outlook that this Court would deem waived any issues not raised in its Rule 1925(b) statement. **See id.** (citing Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.")).

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." **Trigg v. Children's Hospital of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020).

On February 3, 2025, Animal Outlook filed its 1925(b) statement and listed two specific claims of error:

> [(1)] the trial court erred as substantial, sufficient, and credible evidence was presented that the district attorney's decision to deny the private, criminal complaint was made in bad faith and was unconstitutional pursuant to the standard set forth in **In re Ajaj** . . . [(2)] the trial court erred when it considered the district attorney's justification for denying all of the proposed counts in aggregate versus considering the rationale independently for each count.

Animal Outlook's 1925(b) Statement at 1. The trial court issued its 1925(a) Opinion explaining that those claims lacked merit. *See* Trial Court Opinion, 1/13/25; *see also* Trial Court 1925(a) Opinion, 3/20/25.[2]

On appeal, Animal Outlook raises three different claims of error, two of which differ from the issues in its 1925(b) statement. It asks this Court:

1. Whether the [trial] court erred by ruling that the constitutionality of Pennsylvania's "normal agricultural operations" exemption, 18 Pa.C.S.A. § 5560 was irrelevant even though the district attorney relied on it extensively to deny Animal Outlook's petition?

2. Whether the [trial] court erred, first by deviating from the Supreme Court's finding in *Ajaj* that a district attorney's lack of "sound reasons" for denial is indicative of "bad faith," and second by ignoring all evidence that favored Animal Outlook's argument?

3. Whether the [Supreme Court's] standard of review for a district attorney's denial of a private, criminal complaint, as set forth in *Ajaj*, is unduly restrictive and therefore threatens to nullify the private-criminal-complaint procedure?

*See* Animal Outlook's Brief at 11.

The first and third issues in Animal Outlook's appellate brief are not in its 1925(b) statement. Thus, Animal Outlook has waived any claim of error based on (1) the trial court's ruling that the constitutionality of 18 Pa.C.S.A. § 5560 was irrelevant in this case and (2) whether the standard of review in

_____

[2] We note with disapprobation that Animal Outlook neglected to append its 1925(b) statement and the trial court's Opinions to its appellate brief, in violation of Pa.R.A.P. 2111(a)(11) and Pa.R.A.P. 2111(b).

- 4 -

*Ajaj* is unduly restrictive for private, criminal complainants, such as Animal Outlook. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (mandating that "from this date forward, in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

Animal Outlook violated Pa.R.A.P. 1925(b) and *Lord*, by neglecting to include its first and third issues in its 1925(b) statement of errors complained of on appeal. Thus, we dismiss its first and third appellate issues as waived.

Animal Outlook's final issue challenges the trial court's interpretation of *Ajaj*, *supra*, and Animal Outlook's allegation of "one-sided consideration of the evidence" by the trial court. Animal Outlook's Brief at 57. We address each contention in turn.

First, Animal Outlook believes the trial court misapplied the "bad faith" test for reviewing the district attorney's decision not to prosecute the dairy farm. According to Animal Outlook, "the absence of 'sound reasons' [by the district attorney] may provide sufficient evidence of 'bad faith.'" *Id.* at 59. In its view, the absence of "sound reasons" is suggestive of bad faith. *See id.*

The trial court rejected that view as incompatible with the "bad faith" test and teachings of *Ajaj*. Rather than relying on the lack of "sound reasons" for rejecting a private complaint to infer "bad faith," the trial court ruled that private complainants must come forward with actual proof of "bad faith" by district attorneys. Animal Outlook argues that the trial court's application of

bad-faith test would make it "nearly impossible for Animal Outlook – or any private complainant – to know [or prove] whether a district attorney's conduct was motivated specifically by 'fraud,' 'dishonesty,' or 'corruption.'" *Id.* at 60. Animal Outlook asserts that the *Ajaj* Court relied upon the presence of sound reasons for a district attorney's disapproval of a private complaint. Based on its reading of *Ajaj*, Animal Outlook argues the absence of sound reasoning by the district attorney in this case is grounds for inferring "bad faith." *See id.* at 61-65.

Before discussing the merits of Animal Outlook's arguments, we must decide our appellate standard of review in light of *Ajaj*. The parties believe we should review an order disposing of a petition for review of the district attorney's refusal to proceed on a private, criminal complaint for an abuse of discretion. We disagree, given the paradigm shift that *Ajaj* created for trial courts' standards of review for such petitions.

In *Ajaj*, the High Court said, "the issue of the appropriate standard of review that an appellate court must apply when reviewing a court of common pleas' decision [concerning] a prosecutor's disapproval decision is not presently before this Court for consideration." *Ajaj*, 288 A.3d at 110 n. 11. "We would be remiss, however, if we did not express our concerns regarding the Superior Court's application of an abuse-of-discretion standard to its review of a court of common pleas' decision [concerning] a prosecutor's disapproval of a private, criminal complaint on the basis of bad faith, fraud, and/or unconstitutionality." *Id.* After *Ajaj*, the trial court must determine

"whether the prosecutor's disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional." *Id.* "There is simply nothing about [that] determination that requires a court of common pleas to exercise discretion and, as a result, it would be improper for an appellate court to review a court of common pleas' determination for an abuse of discretion." *Id.*

In other words, when the Supreme Court articulated the bad-faith test for reviewing a district attorney's decision not to proceed on a private, criminal complaint, *Ajaj* established a new, purely legal test for the sufficiency of the complainant's evidence of "bad faith, fraud, and/or unconstitutionality." *Id.* Because the *Ajaj* Court created a legal test of sufficiency of the complainant's evidence of "bad faith," it did not need to remand *Ajaj* to the trial court to apply the bad-faith test. The Supreme Court simply reviewed the district attorney's disapproval decision to determine whether that "decision amounted to bad faith, occurred due to fraud, or was unconstitutional" in the first instance. *Id.* at 110.

In light of the *Ajaj* holding and the statements of the Supreme Court therein, we hold that the appellate standard of review for a trial court's review of a district attorney's disapproval of a private, criminal complaint is the same as any other sufficiency-of-the-evidence review: *de novo*. In conducting such a review, this Court must "examine all of the evidence admitted at the hearing, together with any reasonable inferences drawn therefrom, in the light most favorable to the party" in whose favor the trial court ruled. ***Commonwealth***

*v. Henkel*, 938 A.2d 433, 438 (Pa. Super. 2007). Critically, the trial court, as "the fact finder, is free to believe all, part, or none of the evidence presented in judging the credibility of the witnesses and the weight to be afforded the evidence produced." *Id.* Whether all the evidence and inferences drawn therefrom in the favor of the party who prevailed below are sufficient to prove bad faith, fraud, or unconstitutionality is a pure question of law, which this Court reviews *de novo*. *See id.*

In attacking the trial court's refusal to order the district attorney to prosecute the dairy farm, Animal Outlook contends that that court should not have discounted Animal Outlook's belief that the district attorney lacked sound reasoning for declining to prosecute. In rejecting Animal Outlook's invitation to base a finding of "bad faith" on the alleged lack of "sound reasoning" by the district attorney, the learned Judge Mary Beth Shank of the Court of Common Pleas of Franklin County opined as follows:

> The . . . *Ajaj* [Court] adopt[ed] the standard of review for review of a prosecutor's disapproval determination and [held] that a court of common pleas may only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional. In adopting this standard, the Court denounced the prior standard of review, which depended on the asserted basis for the prosector's disapproval decision . . . With the adoption of this new standard, the reviewing courts no longer engage in an analysis of whether the disapproval decision was based on legal sufficiency of the [allegation of the] complaint or [the district attorney's] policy. The [trial] court, importantly, no longer engages in a *de novo* review [of whether a *prima facie* case is made out in the underlying private, criminal complaint].

- 8 -

*Ajaj* involved a Father's attempts to secure the return of his children from Iraq, where Mother had allegedly been holding them in violation of court orders. Father file[d] a complaint against Mother, accusing her of interfering with the custody of the children in violation of 18 Pa.C.S.A. § 2909(a). In disapproving the complaint, the district attorney cited "evidentiary issues" on the disapproval form. Father [petitioned the trial court for review.] The district attorney cited additional reasons for disapproval . . . The trial court overturned the district attorney's decision.

Father argue[d] that, despite the existence of an order granting him sole legal and physical custody . . . the district attorney refused to conduct a proper investigation of the allegations set forth in the complaint. Father argued the district attorney's position (*i.e.*, that it cannot properly investigate the complaint is a farce), citing people that could be contacted to interview and documents that could be reviewed as part of the custody matter . . . Father also contended that, regardless of which definition of bad faith is applied to the circumstances of the case, the district attorney's refusal to investigate . . . amounted to an abuse of discretion.

\* \* \*

The Supreme Court . . . held that a review of the record did not [demonstrate] the district attorney's disapproval was in bad faith . . . [The High Court] found the district attorney had sound reasons for disapproval, specifically [the] inability to properly investigate and inability to prove that Mother, and not her "powerful uncles," committed the alleged crimes.

In reviewing the Superior Court's decision, the Supreme Court concluded by stating:

> While we may not have reached the same conclusion had we been charged with the responsibility of decision whether to approve or disapprove the complaint under Rule [of Criminal Procedure] 206, this Court cannot interfere with the prosecutor's discretionary decision given that the

evidence of record does not establish that the DA's disapproval decision was improper.

*Id.* at 110-11.

[Here], the Commonwealth filed an answer to [Animal Outlook's] petition for review, wherein the district attorney provided reasoning for disapproval of the complaint. [The district attorney] stated that the allegations involved (abuse of cows or any livestock at a dairy farm) are uncommon for [his] office; further, it is uncommon for a private entity to conduct its own [criminal] investigation and forward video-recordings to them for review and prosecution. As such, the Commonwealth ensured that the appropriate investigation(s) from the [Pennsylvania State Police] were assigned to officially investigate the matter.

The Commonwealth also noted that, due to its unfamiliarity with the dairy-farm industry and acceptable standards, they requested the PSP investigators identify and consult with professionals in the field. An expert was identified to give an official opinion on the evidence and said expert, Dr. David Wolfgang, opined the overall operations and specific actions of employees were not "willfully cruel." In supporting his reliance on Dr. Wolfgang, [the former district attorney] noted he is a retired, licensed Pennsylvania State veterinarian and retired Emeritus Faculty of the Pennsylvania State University Extension and Field Investigations. Ultimately, the district attorney declined approval of the criminal complaint, due to the content of video-recordings and the expert evaluation from Dr. Wolfgang.

Animal Outlook argues that the district attorney's denial of the complaint amounted to "bad faith" and was unconstitutional. Animal Outlook asks us to find, among other things, that the district attorney distorted the law, engaged in one-sided consideration of the evidence, cherry-picked testimony from his expert, relied upon the expert's faulty and unqualified legal conclusions, and totally disregarded the report of Animal Outlook's expert, Dr. Cheever. [The trial court was] asked to consider that [the district attorney] met with PSP only twice during the 16-month investigation and failed to prosecute any animal

- 10 -

cruelty or neglect during a 21-month period in Franklin County . . .

In adopting the [new] definition of "bad faith," the Supreme Court held that bad faith requires a finding that the prosector acted with a fraudulent, dishonest, or corrupt purpose. While the *Ajaj* Court cite[d] to the "sound reasons" the district attorney offered in [that case, the High Court] **did not** include "lack of sound reasoning" in [its] carefully decided definition of "bad faith." Indeed, [the Supreme Court observed] that, in adopting the standard of review, which includes bad faith, [the Court] insure[d] a court of common pleas will afford proper deference to the discretionary decisions of the prosecutor.

Here, the district attorney['s office] took appropriate steps upon presentment of the complaint to ensure it did not simply review all the evidence and deny; rather, acknowledging [his office's] unfamiliarity with the allegations at issue, [the district attorney] directed appropriate investigators from the [PSP] to officially investigate the matter. In making this referral, the district attorney requested the investigation include consultation with professionals in the field . . .

Applying the standard set forth in *Ajaj*, [the trial court] cannot find the Commonwealth acted fraudulently or in bad faith. There is no evidence of record to suggest Dr. Wolfgang was contracted for any other purpose than to render an independent opinion. The district attorney relied upon that opinion as part of [his] decision. When the Supreme Court note[d] in *Ajaj* that [it] may not have reached the same conclusion had [it] been charged with the responsibility of deciding whether to approve or disapprove the complaint under Rule 506, [the Court held] that [it could not] interfere with the prosecutor's discretionary decision, given the evidence of record [did] not establish that the DA's disapproval decision was improper; *i.e.*, was made in bad faith, due to fraud, or unconstitutional.

Trial Court Opinion, 1/13/25, 7-13 (some citations and punctuation omitted).

We adopt the above detailed, well-reasoned, and correct review and application of **Ajaj** as the opinion of this Court. Specifically, the trial court was correct in ruling that it no longer reviews whether the district attorney had a reasonable basis for refusing to prosecute a private, criminal complaint. In other words, a trial court is not concerned with the legal merits of the allegations in a private complaint.

Ultimately, it is not the function of our courts to direct the day-to-day operations of the district attorney's office. If the voters in a specific county disagree with the executive decisions of their district attorney, the proper recourse is at the ballot box, not in our courts. Absent affirmative proof of bad faith, fraud, or unconstitutionality, the district attorney is free to prosecute whatever crimes he or she chooses.

Therefore, Animal Outlook's claim that the trial court misapplied the bad-faith test of **Ajaj** is incorrect. We dismiss its first argument as warranting no relief.

Regarding its second argument (namely, that the trial court engaged in a one-sided consideration of the evidence, specifically the district attorney's evidence demonstrating why he declined to prosecute, rather than Animal Outlook's evidence of alleged animal cruelty), we reject the premise of that argument as factually inaccurate. The trial court did not engage in one-sided consideration. Rather, that court correctly explained that it "cannot undertake the *de novo* review [of the evidence of criminal activity by the dairy farm that

was] previously performed by the trial court or our Honorable Superior Court" during Animal Outlook's initial appeal. *Id.* at 13.

Instead, as directed by the Supreme Court in the prior appeal, on remand the trial court reviewed the district attorney's decision not to prosecute the dairy farm with the appropriate degree of deference, as established under *Ajaj*. The trial court rightly stated, "*Ajaj* does not permit [the trial court] to balance and weigh the conflicting expert opinions to determine whether [it] would have reached the same conclusion" as the district attorney. *Id.* at 14.

Clearly, the trial court's opinion indicates that it gave **no consideration** to either side's evidence regarding the underlying merits of the private, criminal complaint or the allegations against the dairy farm. Rather, the trial court found that Animal Outlook failed to show bad faith, fraud, or unconstitutionality by the district attorney.

Moreover, even if Animal Outlook had offered evidence of record of bad faith by the district attorney (and it did not), the trial court was free to reject that evidence as incredible. Trial courts, as the finders of fact, are "free to believe all, part, or none of the evidence presented in judging the credibility of the witnesses and the weight to be afforded the evidence produced." *Henkel*, 938 A.2d as 438.

We dismiss Animal Outlook's second argument as meritless.

Order affirmed.


Judgment Entered.


_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>12/5/2025</u>